Electronically Filed
Intermediate Court of Appeals
CAAP-11-0000595
20-JUL-2012
10:00 AM

CAAP NO. 11-0000595

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


CHEYNE DE LA GARZA, Petitioner-Appellant, v.
STATE OF HAWAI'I, Respondent-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE SECOND CIRCUIT
(CR. NO. 08-0421(4); S.P.P. NO. 10-1-0021(4))


SUMMARY DISPOSITION ORDER
(By: Foley, Presiding Judge, Leonard and Reifurth, JJ.)

Petitioner-Appellant Cheyne De La Garza (**De La Garza**), appeals pro se from the Findings of Fact, Conclusion of Law, and Order Dismissing Petition for Post-Conviction Relief (Rule 40 HRPP) to Vacate, Set Aside or Correct Judgment or to Release Petitioner from Custody, and Order (**Order Denying Rule 40 Petition**), filed on July 28, 2011 in the Circuit Court of the Second Circuit (**Circuit Court**).[1] The Circuit Court denied without a hearing De La Garza's Petition to Vacate, Set Aside, or Correct Judgment or to Release Petitioner from Custody (**Petition**), and his Motion to Add New Ground (**Petition Supplement**). The court found that the issues presented were "patently frivolous, and without a trace of support either in the record or from other evidence submitted by [De La Garza]."

On appeal, De La Garza's brief fails to properly identify points of error in accordance with Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 28(b)(4). Nevertheless, to the

---

[1] The Honorable Richard T. Bissen, Jr. presided.

extent they are discernible, we have reviewed the issues raised by De La Garza.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve De La Garza's appeal as follows:

The Circuit Court did not err in concluding that De La Garza's arguments regarding the Hawaiʻi Paroling Authority's (HPA) fixing of his minimum term after the second hearing were patently frivolous and without merit.

The HPA did not err by holding the second hearing because the victim was not given notice of the first hearing and, therefore, was not afforded the opportunity to appear at the first hearing and present a written statement or oral comments, in violation of Hawaii Revised Statutes (HRS) § 706-669(7) (Supp. 2011). See HRS § 706-669(7) (stating that "the [minimum term] hearing shall be opened to victims or their designees or surviving immediate family members who may present a written statements or make oral comments") and "Supplemental Commentary of HRS § 706-669" (stating that the statute was amended to clarify that victims may present written statement or oral comments at minimum term hearings because victims "should be allowed to be heard and to be present at the hearings" and "victims were entitled to be heard when the crimes . . . were against persons"); Williamson v. State, 97 Hawaiʻi 183, 189, 195, 35 P.3d 210, 216, 222 (2001) (stating that the HPA has broad discretion in establishing minimum terms and does not abuse its discretion or violate a prisoner's due process rights, where it conducts a hearing pursuant to HRS § 706-669 and determines the minimum term based on its guidelines); Coulter v. State, 116 Hawaiʻi 181, 186, 172 P.3d 493, 498 (2007) (holding that HPA's amended-term order did not "cure" HPA's initial violation of Guidelines, where HPA consisted of different members at time it

2

issued amended order and correction came nine months after HPA issued original order, and HPA did not hold new hearing beforehand). De La Garza cites to no authority for the notion that the HPA was prevented from holding the second hearing for that purpose more than six months after he was committed to the custody of the Director of the Department of Public Safety, and we find none.

The HPA did not err in assessing De La Garza's punishment at Level III and fixing his minimum terms of imprisonment at five years, in its March 30, 2010 Notice and Order of Fixing Minimum Term(s) of Imprisonment. De La Garza fails to show that the HPA did not consider his criminal history, character, or exemplary behavior in setting his minimum term. The HPA was within its discretion to find that De La Garza "displayed a callous and/or cruel disregard for the safety and welfare of others" after taking into consideration the victim's statement. See HPA Guidelines; Williamson, 97 Hawai'i at 189, 195, 35 P.3d at 216, 222. De La Garza argues that the injuries of the victim in this case are comparable to those of victims in other criminal cases involving Kidnapping and Assault 1 convictions. However, that determination is within the province of the HPA, which is uniquely qualified to compare victims' injuries given that it sets the minimum term of imprisonment for every person sentenced to prison for an indeterminate term. See HPA Guidelines; Williamson, 97 Hawai'i at 189, 195, 35 P.3d at 216, 222.

The Circuit Court did not err in concluding that De La Garza failed to raise a colorable ineffective assistance of counsel claim. Because the HPA did not err in holding the second hearing past the sixty-day deadline set forth in HRS § 706-669(1), counsel was not ineffective for failing to object to the second hearing on that basis. De La Garza cites to no authority stating that an inmate's counsel may not appear by telephone at a

minimum term hearing, and we find none. De La Garza fails to argue how counsel's appearance by phone, per se, constituted a specific error or omission reflecting his lack of skill, judgment, or diligence, or "the withdrawal or substantial impairment of a potentially meritorious defense." State v. Wakisaka, 102 Hawai'i 504, 514, 78 P.3d 317, 327 (2003) (internal quotation marks, citations, and footnote omitted). At the second hearing, counsel actively participated in the proceedings, including voicing numerous objections. There is no right to cross-examine witnesses at a minimum term hearing. Turner v. Hawaii Paroling Authority, 93 Hawai'i 298, 305, 1 P.3d 768, 775 (App. 2000). De La Garza's claim that his counsel was ineffective for not appealing the Order Denying Rule 40 Petition is patently frivolous and without merit because the record shows that counsel no longer represented De La Garza subsequent to the second hearing.

De La Garza waived his remaining arguments by failing to raise them in the Petition or Petition Supplement. Hawai'i Rules of Penal Procedure Rule 40(a)(3) ("[A]n issue is waived if the petitioner knowingly and understandingly failed to raise it and it could have been raised . . . in a prior proceeding . . . .").

For these reasons, the Circuit Court's July 28, 2011 Order Denying Rule 40 Petition is affirmed.

DATED: Honolulu, Hawai'i, July 20, 2012.

On the briefs:

Cheyne De La Garza
Petitioner-Appellant Pro Se

Artemio C. Baxa
Deputy Prosecuting Attorney
County of Maui
for Respondent-Appellee

Presiding Judge

Associate Judge

Associate Judge

4